**FILED**
**CLERK**

4:12 pm, Aug 31, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

---------------------------------------------------------------------X

CECIL ROY KING,

                         Plaintiff,

              -against-

**ORDER**
23-CV-3421(GRB)(ST)

NEW YORK STATE, JAMES FRANCIS MATHEWS [sic],
WILLIAM B. REBOLINI, HOWARD HECKMAN,

                         Defendants.

---------------------------------------------------------------------X

**GARY R. BROWN, United States District Judge:**

Before the Court is the fee paid *pro se* complaint of Cecil Roy King ("Plaintiff") brought

pursuant to 42 U.S.C. § 1983 against New York State ("NYS") and three NYS judges: Hon. James

Francis Matthews ("Judge Matthews"), Hon. William B. Rebolini ("Judge Rebolini"), and Hon.

Howard Heckman ("Judge Heckman" and collectively, "Defendants"). *See* Docket Entry "DE" 1;

Receipt No. 200001582.   Upon initial review of Plaintiff's complaint and Defendants' letter

motion requesting a pre-motion conference in anticipation of filing a motion to dismiss the

complaint (DE 5), the Court ordered Plaintiff to show cause within thirty days why the claims set

forth in the complaint should not be dismissed for lack of subject matter jurisdiction.   (DE 7.)

Plaintiff has responded by filing a "Response to Order to Show Cause & Temporary Restraining

Order."[1]   (DE 8.)

For the reasons that follow, the Court lacks subject matter jurisdiction to adjudicate

Plaintiff's claims.   Accordingly, the complaint is dismissed without prejudice pursuant to Federal

Rule of civil Procedure 12(h)(3).   Given the dismissal of the complaint, the request for a

restraining order is denied.

---

[1] Plaintiff also seeks an order "restrain[ing] the [D]efendants from any further state court action until the federal
court dispute is adjudicated. Plaintiff also requests the court to vacate any state court judgments or orders in the
interest of justice." (DE 8 at 21.)_

## BACKGROUND

### 1.  Summary of the Complaint

Plaintiff's complaint is brought against NYS and three state judges arising from an underlying state mortgage foreclosure action and subsequent eviction proceedings.  *See* DE 1. The brief complaint is submitted on the Court's form for civil rights actions brought pursuant to Section 1983 and has an additional 169 pages of attachments.[2]  *Id.*  According to the complaint, Defendants violated Plaintiff's civil rights by depriving Plaintiff of property rights without due process of law.  *Id.* at ¶ II.B.  In its entirety, Plaintiff's Statement of Claim alleges:

> Mortgage was illegally assigned to PHH Mortgage.   Original mortgage was Fleet Bank in 2003.  Assigned to PHH on 12/16/10.  Referee's deed executed 2/14/20. Referee's deed executed 2/14/20 and sold in a no due process foreclosure sale. James Mathew denied plaintiff's motion to have fair trial 11/2/22.   Judge Heckman signed illegal foreclosure with equal protection of law.   Promissory note was illegally assigned to PHH Mortgage on 12/16/10.   Referee's deed was executed without due process denying the plaintiff equal protection of law and depriving plaintiff of life, liberty and property without due process or no recourse. Plaintiff's property was sold to Federal National Corp – not sure when they became the owner – defendant took Plaintiff to District Court on 9/28/22 as the owner/petitioner of the home.  PHH Mortgage and Federal National Mortgage does not have standing.   There is a title dispute as to who owns the property.

*Id.* at ¶ III. In the space on the form complaint that calls for a description of any injuries sustained as a result, Plaintiff wrote:

> The Plaintiff did not get a fair and impartial procedure/trial/hearing in Supreme Court or District Court.   The defendants conspired and acted with deliberate indifference to the Constitution and federal laws when making decisions without investigating the facts.   The defendants were provided notice that there is a title dispute.   Plaintiff suffered wrongful eviction, slander, libel and intentional infliction of emotional distress.

Id. at ¶ IV.   For relief

---

[2] The exhibits are largely excerpts from law treatises, copies of cases, and state and federal statutory laws, well as several reports prepared on Plaintiff's behalf concerning the mortgage at issue in the underlying state case. *See* DE 1-1.

plaintiff requests 20 million dollar payment on this claim to be divided among the defendants.   The plaintiff requests the state and district court judges licenses to practice law revoked.   The judges assets to be liquidated to pay the judgement in full.   The plaintiff demands complete control of the state's corporate charter and to have all records of illegal assignments, deed and all records to the plaintiff.

*Id.* ¶ V.

**2.    Plaintiff's Response to the Order to Show Cause**

By Order to Show Cause dated June 16, 2023, the Court ordered Plaintiff to show cause why the claims in the complaint should not be dismissed without prejudice for lack of subject matter jurisdiction.   DE 7.   The Court explained that Eleventh Amendment immunity, absolute judicial immunity, and the *Rooker-Feldman* doctrine appeared to divest the Court of subject matter jurisdiction and set forth the legal and factual bases for that circumstance.   *Id.* at 5-9. The Court invited Plaintiff to demonstrate why these doctrines do not bar adjudication of Plaintiff's claims in this Court and suggested that Plaintiff consult with the Hofstra Law *Pro Se* Clinic.   *Id.* at 9.

Plaintiff's twenty-two page response does not address any of the issues raised by the Court and, instead, re-alleges the claims set forth in the complaint and argues the merits thereof. *See* DE 8, *in toto*.   The only mention of "immunity" is at page 14 of Plaintiff's submission where in a single paragraph asserts that:

> The judge has qualified immunity when he/she follows the constitution and the law. The Tucker Act exposes the government to liability for certain claims. Specifically, the Act extended the court's jurisdiction to include claims for liquidated or unliquidated damages arising from the Constitution (including takings claims under the Fifth Amendment), a federal statute or regulation, and claims in cases not arising in tort. The relevant text of the Act is codified in 28 U.S.C. §§ 1346(a) and 1491. The Tucker Act (March 3, 1887, Ch. 359, 24 Stat. 505, 28 U.S.C. § 1491) is a federal statute of the United States by which the United States government has waived its sovereign immunity with respect to

3

lawsuits pertaining to 5th Amendment violations of due process. *Id.* at 14.

## LEGAL STANDARDS

Regardless of whether a plaintiff has paid the Court's filing fee, a district court may *sua sponte*, that is, on its own, dismiss a frivolous *pro se* complaint. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (*per curiam*) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee" because "as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."); *Clark v. Schroeder*, 847 F. App'x 92, 93 (2d Cir. 2021) (summary order) ("District courts have the inherent power to dismiss a complaint as frivolous, even when, as here, the plaintiff has paid the filing fee."); *Hawkins-El III v. AIG Fed. Sav. Bank*, 334 F. App'x 394, 395 (2d Cir. 2009) (affirming the district court's *sua sponte* dismissal of fee paid frivolous complaint).

A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). In addition, a complaint is frivolous where it seeks relief from defendants who are immune from suit. *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as frivolous when it is clear that the defendants are immune from suit.") (internal quotation marks omitted).

*Pro se* complaints are to be examined with "special solicitude," *Tracy v. Freshwater*, 620 F.3d 90, 102 (2d Cir. 2010), and are to be "interpreted to raise the strongest arguments they

4

suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and district courts "cannot invent factual allegations" that the plaintiff has not pleaded. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations, brackets, and citation omitted).

Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 70-01 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and may be raised at any time or by the court *sua sponte. Id.*; *see also* FED. R. CIV. P. 12(h)(3)("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits."). Although *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, *Erickson v. Pardus*, 551 U.S. 89 (2007), a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law", *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983), and still must establish that the Court has subject matter jurisdiction over the action. *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005).

5

Even where subject matter is established, the Court may be divested of subject matter jurisdiction in certain circumstances, such as where the defendant is immune from suit. *See, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (federal courts lack subject matter jurisdiction over claims against judges relating to the exercise of their judicial functions on immunity grounds); *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) ("[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity[.]").

## DISCUSSION

### I.      Eleventh Amendment Immunity

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.   The Supreme Court has long held that the Eleventh Amendment bars suits against a state by one of its own citizens in federal court.   *See, e.g., Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001).   Eleventh Amendment immunity extends to state officials acting in their official capacities, including state court judges. *Thomas v. Martin-Gibbons*, No. 20-3124, 2021 WL 2065892 (2d Cir. May 24, 2021) (summary order) (affirming dismissal of *pro se* Section 1983 claims against the State of New York and a state court judge in his official capacity based on Eleventh Amendment immunity).

However, sovereign immunity "is not absolute," and the Supreme Court "ha[s] recognized . . . two circumstances in which an individual may sue a State." *Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999).   First, "a State may waive its

6

sovereign immunity by consenting to suit." *Id.*   Second, "Congress may authorize such a suit in the exercise of its power to enforce the Fourteenth Amendment." *Id.*; *see also Kimel v. Florida Bd. Of Regents*, 528 U.S. 62, 80 (2000). Neither of these exceptions applies in this case. It is well-established that New York State has not waived its sovereign immunity from Section 1983 claims. *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (summary order).   Moreover, Congress did not abrogate that immunity when it enacted Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity[.]"); *Clark v. Schroeder*, 847 F. App'x 92, 93-94 (2d Cir. 2021) ("Absent the State's express waiver or a congressional abrogation of immunity, the Eleventh Amendment renders a state immune from federal lawsuits brought either by its own citizens or by citizens of another state.").

Thus, the Eleventh Amendment precludes Plaintiff's claims against NYS and the individuals Defendants sued in their official capacities. *See, e.g,, Parker v. New York*, No. 22-CV-3170(GRB)(AYS), 2022 WL 2441215, at *3 (E.D.N.Y. July 1, 2022) (finding New York state has not waived its Eleventh Amendment immunity and dismissing *pro se* plaintiff's Section 1983 claims against New York State).   Plaintiff does not argue otherwise having been given an opportunity to do so.   *See* DE 8.   Accordingly, the Court lacks subject matter jurisdiction to adjudicate Plaintiff's Section 1983 claims brought against NYS and the individual Defendants in their official capacities.   Thus, such claims are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).[3]

---

[3] Plaintiff's Section 1983 claims against NYS are frivolous for the additional reason that New York State is not a "person" within the meaning of Section 1983.   *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (State is not a "person" for the purpose of § 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Court*, 421 F.2d

7

## II.     Judicial Immunity

Judges have absolute immunity from suit for judicial acts performed in their judicial capacities. *Mireles*, 502 U.S. at 11 ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages."). Indeed, "judicial acts - - even if they are alleged to have been done maliciously or corruptly - - are not subject to civil liability." *Davis v. Gillespie*, No. 22-CV-6207, 2023 WL 5002553, at \*5 (E.D.N.Y. Aug. 4, 2023) (citing *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (finding state court judge absolutely immune from § 1983 suit where that judge had power to entertain and act upon motions in an underlying case)). "The Supreme Court has generally concluded that acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *See Brady v. Ostrager*, 834 F. App'x 616, 618 (2d Cir. 2020) (quoting *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009)). Absolute judicial immunity "is not overcome by allegations of bad faith or malice," and a judge cannot "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11 (internal quotation marks omitted); *Bliven*, 579 F.3d at 209.

Here, the challenged conduct of the individual Defendants occurred during the course of the underlying state court proceedings and any actions they took in those cases were judicial acts for which they are afforded absolute judicial immunity. Accordingly, Plaintiff's claims against the individual Defendants are dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).[4]

---

625, 626 (2d Cir. 1970) (Court not a "person" within the meaning of 42 U.S.C. § 1983).

[4] Given that the Eleventh Amendment and judicial immunity divest this Court of subject matter jurisdiction, the Court need not address the application of the *Rooker-Feldman* doctrine and declines to do so.

## III. State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiff's complaint and dismisses any such claims without prejudice.

## IV. Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). However, leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Given that Plaintiff's claims could not be cured with amendment, leave to amend would be futile

and is thus, denied.

## CONCLUSION

Based on the foregoing, Plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). Given the dismissal of the complaint, Plaintiff's request for injunctive relief is denied and Defendants' request for a pre-motion conference is denied as moot. The Clerk of the Court shall enter judgment accordingly and mark this case closed. The Clerk of the Court shall also mail a copy of this Order to the *pro se* Plaintiff at the address of record and note service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

/s/Gary R. Brown

**Hon. Gary R. Brown**
**United States District Judge**

Dated:     August 3|, 2023
           Central Islip, New York

10